**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | 2:99CR00003-006 |
| | § | |
| KELVIN BERNARD WORTH | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On July 5, 2007, the court held a hearing on the government's Petition to Revoke Supervised Release. The government was represented by Assistant United States Attorney Mr. Richard Moore. The defendant was represented by Mr. Craig Henry.

Kelvin Worth was sentenced on September 28, 1999, before The Honorable U.S. District Judge David Folsom of the Eastern District of Texas after pleading guilty to the offense of Possession of Cocaine Base With Intent to Distribute, a Class B felony. The offense carried a statutory maximum imprisonment term of not more than forty (40) years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of V, was 84 to 105 months. Kelvin Bernard Worth was sentenced to eighty-four (84) months in prison followed by four (4) years supervised release subject to the standard conditions of release, plus special conditions to include participation in a program of testing and treatment for drug abuse. On May 24, 2004, Kelvin Bernard Worth completed his period of imprisonment and began service of the supervision term.

On May 15, 2006, the instant petition to revoke was filed. In its petition, the government alleges the defendant violated the following condition: The defendant shall not commit another federal, state, or local crime. Specifically, the government alleges as follows: On or about

November 8, 2004, the defendant distributed cocaine base.

The court scheduled a revocation hearing for July 5, 2007. At the hearing on the government's petition, the government introduced as Exhibit 1 a criminal judgment against Kelvin Barnard Worth in case number 2:05CR00003-003 for Possession with Intent to Distribute and Distribution of Cocaine Base. In that case, Kelvin Barnard Worth plead guilty to the aforementioned count of the indictment. The government also introduced as Exhibit 2 a judgment from the U.S. Court of Appeals for the Fifth Circuit affirming the district court's judgment in case number 2:05CR00003-003. Based on the defendant's recent conviction for Possession with Intent to Distribute and Distribution of Cocaine Base, the court found that the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of thirty (30) months, consecutive to the term of imprisonment the defendant is currently serving in case number 2:05CR00003-003, with no term of supervised release to follow such term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that the court find that the defendant violated the terms of his supervised release. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of thirty (30) months, consecutive to the term of imprisonment the defendant is currently serving in case number 2:05CR00003-003, with no term of supervised release to follow such term of imprisonment.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  *Douglas v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

SIGNED this 5th day of July, 2007.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE